**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAUSCH CREEK LAND, L.P., Successor in interest to KOCHER COAL COMPANY<br><br>    Plaintiff,<br><br>    v.<br><br>RELIANT ENERGY MID-ATLANTIC HOLDINGS, LLC; HEADWATERS INC.; and KIMBERLY-CLARK, LLC,<br><br>    Defendants, | CIVIL ACTION NO. 3:11-CV-1039<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Defendants Reliant Energy Mid-Atlantic Holdings, LLC, Headwaters Inc., and Kimberly-Clark, LLC ("Reliant") move to dismiss plaintiff Rausch Creek Land, L.P.'s ("RCL") complaint.  RCL seeks to hold Reliant liable for the violations of a Surface Mining Permit ("SMP") by Porter Associates, a third-party.  Reliant argues that RCL did not comply with the pertinent notice provisions and has failed to state a claim under either the Surface Mining Conservation and Reclamation Act ("SMCRA") or the Clean Streams Law ("CSL").  The Court agrees and will dismiss the suit.

## BACKGROUND

RCL's complaint alleges as follows.

RCL is a limited partnership located in Schuylkill County, Pennsylvania.  Reliant Energy Mid-Atlantic Holdings, is a limited liability company located in Birdsboro, Pennsylvania.  Headwaters Inc. is a corporation located in South Jordan, Utah.  Kimberly-Clark Pennsylvania is a limited liability company located in Roswell, Georgia.  Porter Associates is a Pennsylvania corporation with its principal place of business in Wilkes

Barre, Pennsylvania.

In January 1991, Porter Associates entered into a lease agreement with RCL's predecessor in interest, Kocher Coal Company, in which Porter leased land from Kocher for ash reclamation. Under the lease, Porter agreed to assume and maintain various mining permits issued by the Pennsylvania Department of Environmental Protection, including Surface Mining Permit ("SMP") 54890105. Porter subsequently violated the SMP by placing over 400,000 yards of excess ash on RCL's land. Each of the defendants contracted with Porter to dispose of ash – ash that ended up on RCL's land.

RCL filed its complaint against Reliant in state court after it had filed a separate complaint against Porter. Reliant then removed the case, citing diversity jurisdiction, and filed a motion to dismiss. In response, RCL filed an amended complaint in which it brought one claim under the citizen suit provisions of the CSL and the SMCRA. Reliant then filed a second motion to dismiss. It claims RCL failed to adhere to the statutory notice requirement of these Acts and failed to state a claim under either the CSL or the SMCRA against the defendants. The motion has been briefed and is ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element,

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I.     Notice Requirements under the SMCRA and the CSL**

RCL has failed to comply with the notice requirements of the SMCRA and the CSL.

Both the SMCRA and the CSL require plaintiff to notify defendant sixty days before filing suit. 52 P.S. § 1396.18c(c); 35 P.S. § 691.601(e). Interpreting similar provisions in related environmental statutes, the Third Circuit has held: "the content of the notice must be adequate for the recipients of the notice to identify the basis for the citizen's complaint." *Public Interest Research Group of NJ v. Hercules, Inc.*, 50 F.3d 1239, 1249 (3d Cir. 1995) (internal citation omitted).

Here, RCL sent each defendant a letter notifying them of RCL's intent to sue. Basically, these letters stated that Porter disposed of the defendant's ash on RCL's land in violation of the law. But none of the letters provide the defendants with any legal basis for *their* potential liability, rather than Porter's. As such, these notices were inadequate.

**II.    Failure to State a Claim**

More fundamentally, RCL has failed to state a claim under either the CSL or the SMCRA. In its complaint, RCL only cites the notice and citizen suit provisions of the CSL and the SMCRA, not specific substantive provisions. While the pleading standard of Fed.

R. Civ. P. 8(a) is liberal, to survive a motion to dismiss, RCL must make out a claim for relief that is plausible on its face. RCL simply states in its amended complaint that the defendants "generated" the ash and "allowed" Porter to put it on RCL's land. But the defendants are merely *customers* of Porter; there are no allegations that the defendants had any say in how Porter disposed of the ash. RCL cites no statutory or case law to support its view that a customer can be liable under the CSL or SMCRA simply for paying for the disposal of material by a third-party. As a result, the Court finds RCL's allegations cannot survive a motion to dismiss.

## CONCLUSION

For the reasons cited above, defendants' motion to dismiss will be granted. An appropriate order follows.

| | |
|---|---|
| 8/26/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAUSCH CREEK LAND, L.P., Successor in interest to KOCHER COAL COMPANY<br><br>    Plaintiff,<br><br>RELIANT ENERGY MID-ATLANTIC HOLDINGS, LLC; HEADWATERS INC.; and KIMBERLY-CLARK, LLC,<br><br>    Defendants, | CIVIL ACTION NO. 3:11-CV-1039<br><br>(JUDGE CAPUTO) |

## ORDER

   **NOW**, this ___26th___ day of August, 2011, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **GRANTED**. Plaintiff's complaint is **DISMISSED without prejudice**.

                                                                  /s/ A. Richard Caputo
                                                                  A. Richard Caputo
                                                                  United States District Judge